**UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEROME THRUSTON, ) <br> ) <br>     Plaintiff ) <br> ) <br> v. ) <br> ) <br> ZENITH ACQUISITION CORPORATION, ) <br> ) <br>     Defendant ) <br> ) | **Case No.:** <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **(Unlawful Debt Collection Practices)** |

## **COMPLAINT**

JEROME THRUSTON ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ZENITH ACQUISITION CORPORATION. ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and New York General Business Law §349 *et seq.* ("NYCPA").

## **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. This Court has supplemental jurisdiction over the NYCPA claim pursuant to 28 U.S.C. § 1367.

4. Defendant conducts business and has its headquarters in the State of New York and as such, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

**PARTIES**

6. Plaintiff is a natural person residing in Owensboro, Kentucky.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a debt collection company with its corporate headquarters located at 170 Northpointe Parkway, Suite 300, Amherst, New York, 14228.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**PRELIMINARY STATEMENT**

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The

substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15. At all times relevant hereto, Defendant was attempting to collect an alleged

Capital One credit card debt.

16. This debt arose out of transactions that were primarily for personal, family, or household purposes.

17. Beginning in or around April of 2011, Defendant began contacting Plaintiff on a repeated basis in an attempt to collect this alleged debt.

18. Between April and May of 2011, Plaintiff received more than two calls per day and ten calls per week from Defendant.

19. On occasion, Defendant called Plaintiff more than four times in a single day.

20. Defendant placed calls from 800-479-6011, 716-213-0660, 716-213-0674, and 716-799-0511, among other numbers; the undersigned has confirmed these telephone numbers belong to the Defendant.

21. These telephone calls were confusing to Plaintiff as Defendant's representatives often failed to identify themselves when calling, identify where they were calling from, and/or indicate that they were a debt collector.

22. Defendant has also placed calls to Plaintiff at times which are not permitted under the FDPCA and which were inconvenient times; specifically Defendant has called Plaintiff before 8:00am and after 9:00pm.

23. For example, Plaintiff leaves for work prior to 8:00am and has on occasion received telephone calls prior to this time from Defendant.

24. Defendant engaged in the above described conduct with intent to harass Plaintiff, knowing that it has a statistically greater chance of securing payment of the alleged debt by beyond the hours permitted by the FDPCA.

25. Defendant intended to affect the psyche of Plaintiff, making it appear that

Defendant could and would call whenever it desired regardless of the FDCPA, to obtain Plaintiff's payment.

26. So upsetting, pervasive and harassing were the calls by Defendant, that Plaintiff felt compelled to terminate home telephone service in May of 2011 to obtain peace and quiet in his residence.

27. Defendant's actions as described herein were made with the intent to harass, abuse, annoy, upset, deceive, and coerce Plaintiff into paying this alleged debt.

## CONSTRUCTION OF APPLICABLE LAW

28. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

29. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

30. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano

v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988).  The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced."  Id.  The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices.  Clomon, 988 F. 2d at 1318.

**COUNT I**
**DEFENDANT VIOLATED THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

31. In its actions to collect a debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Defendant violated the FDCPA generally;

   b. Defendant violated the FDCPA § 1692d when it harassed, oppressed, and abused Plaintiff in an attempt to collect a debt.

   c. Defendant violated the FDCPA § 1692d(5) when it caused Plaintiff's telephone to ring repeatedly and continuously.

   d. Defendant violated the FDCPA § 1692d(6) when it failed to make meaningful disclosure of its identity during phone calls with Plaintiff.

   e. Defendant violated the FDCPA § 1692e when it used false, deceptive, and misleading representations in connection with collecting a debt;

    f.   Defendant violated the FDCPA § 1692e(10) when it used false and deceptive means in attempting to collect a debt;

    g.   Defendant violated the FDCPA § 1692e(11) when it failed to disclose that it was a debt collector during phone calls with Plaintiff; and

    h.   Defendant violated the FDCPA § 1692f when it used unfair and/or unconscionable means in connection with the collection of a debt.

## COUNT II
## DEFENDANT VIOLATED THE
## NEW YORK CONSUMER PROTECTION ACT

32.    Defendant's actions as described herein constitute deceptive acts or practices in violation of N.Y. General Business Law §349(h).

33.    Defendant willfully and knowingly violated N.Y. General Business Law §349(h).

WHEREFORE, Plaintiff, JEROME THRUSTON, respectfully prays for a judgment as follows:

    a.   All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) and N.Y. General Business Law §349(h);

    b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.   Statutory damages of $50.00 for the violation of the NYCPA pursuant to N.Y. General Business Law §349(h);

    d.   Punitive damages pursuant to N.Y. General Business Law §349(h);

e. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and N.Y. General Business Law §349(h); and

f. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JEROME THRUSTON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

By: /s/ CRAIG THOR KIMMEL
Craig Thor Kimmel
Attorney ID # 2790038
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

Dated: 09/20/11